FEE PAID

RELATED DDJ

Scott Joseph Faulkner
FULL NAME

N/A
COMMITTED NAME (if different)

Cois Byrd Detention Center
FULL ADDRESS INCLUDING NAME OF INSTITUTION

30755-B Auld Rd., Murrieta, CA 92563

202116419
PRISON NUMBER (if applicable)

**FILED**
CLERK, U.S. DISTRICT COURT

4/15/24

CENTRAL DISTRICT OF CALIFORNIA
BY: ___eee___ DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Scott Faulkner

PLAINTIFF,

v.

County of Riverside, Sheriff Chad Bianco,
Medical Director Thomas Minahan,
Chief Medical Officer

DEFENDANT(S).

CASE NUMBER **5:24-cv-00799-ODW-JDE**

*To be supplied by the Clerk*

**CIVIL RIGHTS COMPLAINT**
**PURSUANT TO** *(Check one)*

☒ 42 U.S.C. § 1983  Jury Trial Demanded
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

Michael Tessica, Unknown Medical Providers at Robert Presley Detention Center

### A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☒ Yes  ☐ No

2. If your answer to "1." is yes, how many?  ___2___

   Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

   A. Claim of unreasonable search and seizure by police officer.

   B. Claim of deliberate indifference to serious medical need, negligence, medical malpractice by jail staff.

a. Parties to this previous lawsuit:
Plaintiff _Scott Faulkner_

Defendants _Alan Heidrich_

b. Court _United States District Court - Central District of California_

c. Docket or case number _5:23-CV-01784-ODW-JDE_

d. Name of judge to whom case was assigned _Otis Wright_

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) _Still pending_

f. Issues raised: _Unreasonable search and seizure_

g. Approximate date of filing lawsuit: _8/30/23_

h. Approximate date of disposition _N/A_

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ☒ Yes  ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☒ Yes  ☐ No

   If your answer is no, explain why not _____

3. Is the grievance procedure completed? ☒ Yes  ☐ No

   If your answer is no, explain why not _____

4. Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff _Scott Faulkner_
(print plaintiff's name)

who presently resides at _30755-B Auld Rd., Murrieta, CA 92563_
(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

_Robert Presley Detention Center, Riverside_
(institution/city where violation occurred)

Additional Previous Lawsuit.

    a. Parties to this previous lawsuit:
Plaintiff _Scott Faulkner_

Defendants _County of Riverside_

    b. Court _United States District Court Central District of California_

    c. Docket or case number _5:24-CV-00424-ODW-JDE_

    d. Name of judge to whom case was assigned _Otis D. Wright_

    e. Disposition (For example: Was the case dismissed?  If so, what was the basis for dismissal?  Was it appealed?  Is it still pending?) _Pending_

    f. Issues raised: _14 Amendment, due process, deliberate indifference to serious medical need._

    g. Approximate date of filing lawsuit: _2/15/24_

    h. Approximate date of disposition _N/A_

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ☐ Yes   ☒ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☐ Yes   ☐ No

    If your answer is no, explain why not _____

3. Is the grievance procedure completed? ☐ Yes   ☐ No

    If your answer is no, explain why not _____

4. Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff _____
(print plaintiff's name)

who presently resides at _____,
(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

_____
(institution/city where violation occurred)

on (date or dates) _6/29/21 - 5/26/22   4/25/21 - 5/26/21_ _____
(Claim I)                (Claim II)               (Claim III)

**NOTE:**   You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1. Defendant _County of Riverside_ resides or works at
   (full name of first defendant)
   _4095 Lemon St. Riverside, CA 92502_
   (full address of first defendant)
   _Municipality_
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☐ individual  ☒ official capacity.

   Explain how this defendant was acting under color of law:
   _Public Entity, duly organized and existing, under the laws of the state of California_

2. Defendant _Chad Bianco_ resides or works at
   (full name of first defendant)
   _4095 Lemon St., Riverside, CA 92502_
   (full address of first defendant)
   _Sheriff_
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☒ individual  ☐ official capacity.

   Explain how this defendant was acting under color of law:
   _An elected Official, at all times possessed the power and authority to create and enforce policies for the County of Riverside_

3. Defendant _Thomas Minahan_ resides or works at
   (full name of first defendant)
   _26520 Cactus Ave, Moreno Valley, CA 92555_
   (full address of first defendant)
   _Medical Director_
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☒ individual  ☐ official capacity.

   Explain how this defendant was acting under color of law:
   _Policy maker for the Jail's medical care for inmates_

4. Defendant _Michael Messisca_ resides or works at
   (full name of first defendant)
   _26520 Cactus Ave, Moreno Valley, CA 92555_
   (full address of first defendant)
   _Chief Medical Officer_
   (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:
_Policy maker for the jail's medical care for inmates_

5. Defendant _Unknown Medical Providers_ resides or works at
   (full name of first defendant)
   _4000 Orange St., Riverside, CA 92501_
   (full address of first defendant)
   _Unknown_
   (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:
_Provide medical care for inmates at Robert Presley Detention Center._

---

**D. CLAIMS\***

**CLAIM I**

The following civil right has been violated:

1. Defendants County of Riverside and Sheriff Chad Bianco allowed a custom of deliberate indifference to Plaintiff's serious medical need in violation of the Constitutional Fourteenth Amendment due process clause by not providing Plaintiff with medically required CPAP machine for diagnosed sleep apnea for 13 months, despite several court orders.

2. Medical Director Thomas Minahan, Chief Medical Officer Michael Messica, and unknown medical providers at Robert Presley Detention Center were deliberately indifferent to Plaintiff's serious medical need. Plaintiff's diagnosed severe sleep apnea required use of a CPAP machine, which defendants did not provide for 13 months despite several court orders in violation of the Constitutional Fourteenth Amendment due process clause.

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

1. On April 26, 2021, Plaintiff was booked into the Larry Smith Correctional Facility, a Riverside County Jail.

2. On or about April 27, Plaintiff was transferred to the Detention Care Unit of Riverside University Health Systems Hospital for suicidal ideations.

3. Plaintiff advised medical staff he has severe sleep apnea and required a CPAP machine during sleep.

4. On or about May 18, 2021, Plaintiff was transferred to Robert Presley Detention Center.

5. On June 29, 2021, Plaintiff's attorney Karen Lockhart,

*\*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

**E. REQUEST FOR RELIEF**

I believe that I am entitled to the following specific relief:

1. A declatory judgement that the defendants actions complained of herein violated Plaintiff's rights under the U.S. Constitution and as otherwise alleged herein

2. Award Plaintiff monetary damages, Compensatory and Punitive In an amount to be determined at trial.

3. Award Plaintiff cost of suit and reasonable attorney fees if applicable.

4. Grant Plaintiff such other and further relief as the court deems just and proper.

_____           _____
_(Date)_                          _(Signature of Plaintiff)_

Supplemental Facts          pg 1 of 11

1 requested the court's assistance in obtaining
2 a CPAP machine. The honorable Judge Timothy
3 Hollenhorst ordered the Plaintiff to be seen by
4 a medical doctor prior to the next hearing.
5 Plaintiff ordered to be evaluated for a CPAP
6 machine. (See Minute Order 6/29/21 BAF2100550)

7

8 6. On July 1, 2021, the Minute Order reflects
9 "Correctional Healthcare Services- Compliance with
10 Court Order Filed."

11

12 7. On August 6, 2021, at Plaintiff's next court
13 hearing, attorney Lockhart requested an
14 Order to show cause as Plaintiff still did
15 not have a CPAP machine and the Sheriff
16 Department did not respond to the court's
17 order. Judge Hollenhorst set a hearing for
18 September 23, 2021. (See Minute Order 8/6/21 BAF2100550)

19

20 8. On September 23, 2021, at Plaintiff's next
21 court hearing, Judge Hollenhorst again ordered
22 Plaintiff to be examined by jail medical staff for
23 a CPAP machine and to provide one if needed.
24 (See Minute Order 9/23/21 BAF2100550)

25

26 9. On November 5, 2021, at Plaintiff's next court
27 hearing, Judge Hollenhorst again ordered

28

Supplemental Facts                    pg 2 of 11

9. the Plaintiff to be examined by detention medical
for a CPAP machine and for Plaintiff to be
provided a CPAP if needed. If not, the Sheriff
Department was to provide a letter to the
court stating reasons why. (See Minute
Order 11/5/21 BAF2100550)

10. On November 9, 2021, the Minute Order reflects
"Correctional Healthcare Services - Compliance
with court order filed."

11. On December 29, 2021, at Plaintiff's next court
hearing, the Honorable Judge Jeffrey Prevost
set a hearing on February 2, 2022 regarding
sanctions for failure to evaluate, as Plaintiff
still had not received a CPAP machine. (See
Minute Order 12/29/21 BAF2100550)

12. On February 3, 2022, at Plaintiff's next court
hearing, the Honorable Judge Joshua Knight notes
the court received the letter from Correctional
Healthcare Services on November 9 (pp. 10), which
stated a CPAP machine would be ordered and
provided. Yet almost 90 days later, Plaintiff
still did not have a CPAP machine. Judge Knight
ordered the Sheriff Department to provide a CPAP
machine to Plaintiff and submit a notice to the

## Supplemental Facts          pg 3 of 11

1  12. court when completed, or appear to the
2  court on February 24, 2022. (See Minute Order
3  2/3/22 BAF2100550)
4
5  13. Shortly after, Plaintiff received a CPAP
6  machine. However, Plaintiff required a facemask
7  that covered both mouth and nose, but only
8  was provided a nasal mask. Plaintiff still could
9  not use the CPAP without proper mask. Plaintiff
10 requested medical staff provide the correct mask.
11
12 14. On February 24, 2022, at Plaintiff's next
13 court hearing, the Honorable Judge Mark Singerton
14 ordered the Sheriff Department to provide
15 Plaintiff with correct facemask as he still did
16 not have the right one and could not use the
17 CPAP without it. (See Minute Order 2/24/22
18 BAF2100550)
19
20 15. On February 28, 2022 the Minute Order reflects
21 "Correctional Healthcare Services - Compliance with
22 court order filed."
23
24 16. On May 25, 2022, at Plaintiff's next court
25 hearing, Judge Singerton ordered a representative
26 from the Sheriff Department to appear on
27 June 16, 2022, to provide an explanation as to
28

Supplemental Facts                pg 4 of 11

1  16. Why Plaintiff has not received correct
2  facemask for CPAP machine. (See Minute Order
3  5/25/22 BAF2100550)
4
5  17. On or about May 26, 2022, Plaintiff received
6  correct facemask 395 days since first requesting
7  one at booking.
8
9  18. Because Plaintiff has been in segregation
10  during entire detention and was not provided
11  an Inmate Orientation Guide until a grievance
12  was filed on March 9, 2023, Plaintiff was not
13  aware of the grievance system for medical issues.
14  Which is why Plaintiff relied on his attorney to
15  address it with the court.
16
17  19. Between May 2021 to May 2022, Plaintiff
18  did submit Inmate Healthcare request forms
19  regarding the CPAP and mask. Plaintiff was
20  told the approval for the CPAP machine was
21  waiting for authorization by the medical director.
22  A few months later Plaintiff was told the CPAP
23  machine was in the mail. On December 18,
24  2023, Plaintiff requested copies of his Inmate
25  Healthcare Request forms to provide further details.
26  Jail staff refuses to provide them to inmates.
27  Plaintiff requested copies be sent to his father.
28

Supplemental Facts              pg 5 of 11

1  19. On February 2, 2024, Plaintiff filed a
2  grievance requesting copies of Inmate Healthcare
3  Request forms to his father. As of March
4  29, 2024, the forms still have not been received.
5
6  20. On September 26, 2023, Plaintiff submitted
7  an Inmate Healthcare Request form requesting
8  the information of the provider that was
9  responsible for obtaining Plaintiff's CPAP
10 machine and mask.
11
12 21. On September 27, a nurse came to Plaintiff's
13 cell to discuss the Inmate Healthcare Request
14 Form submitted the day prior (pp. 20). Plaintiff
15 was told Nurse Practioner Martha was who Plaintiff
16 provided Medical Release of Information to get
17 Plaintiff's medical records regarding CPAP use prior
18 to detention. Dr. Mejia adjusted the CPAP
19 settings. It was unknown who ordered it. This
20 was all the information provided.
21
22 22. On February 16, 2024, around 1260 hours, I
23 submitted a grievance requesting monetary
24 damages for the deliberate indifference to
25 Plaintiff's serious medical need in delaying
26 the medically required CPAP machine for 13
27 months. It was collected by Investigator Andrade.
28

## Supplemental Facts                    pg 6 of 11

23. On February 20, around 1300 hours, Deputy Bojorquez brought a grievance response to my grievance filed on February 16 ( pp. 22). The response stated "Use of medical grievance (for request of financial compensation relating to a complaint) is not the appropriate channel for this type of request." (See attached ex. 1)

24. Around 1550 hours, I submitted a first level appeal grievance stating I was not provided any other channel for this request and the Prison Litigation Reform Act required I exhaust the grievance process even if the remedy sought was not provided.

25 On February 21, around 10/5 hours, Director of Nursing Andrew Pastor came to my cell door. He said my grievance appeal was correct. He said he "Could not cut me a check", but he would respond.

26. On March 3, around 1300 hours, I submitted a Healthcare Request Form to Mr. Pastor asking if he was still going to respond to my grievance (pp. 24, 25).

27. On March 6, around 1800 hours, I submitted

Supplemental Facts           pg 7 of 11

1  27. a second level appeal grievance since I
2  did not receive a response to my First level
3  appeal (pp. 24) in 15 days.
4
5  28. On March 20, 2024, around 1200 hours, Dep.
6  Bojorquez brought me a grievance response
7  to my First level appeal. (pp. 24) The response,
8  by Lt. Lemons, stated "It appears the correct
9  date is 5/21/21." (In contrast to my claim that
10  I requested a CPAP on 4/26/21). Lt. Lemons then
11  writes "You were evaluated and cleared to have
12  your family deliver your CPAP on 6/30/21." Yet,
13  on 6/29/21, I needed my attorney to obtain a
14  court order for a CPAP by the Sheriff's Depart-
15  ment. (pp. 5) Lt. Lemons continues "However, you
16  did not report that your family threw away
17  your CPAP until 10/1/21." However, I obtained
18  a second court order for a CPAP on 9/23/21
19  (pp. 8) Lt. Lemons continues "Subsequently, a
20  CPAP was approved and issued to you on 2/9/22.
21  You later requested a new mask, which was
22  provided on 5/26/22." If we were to assume
23  that Lt. Lemons' dates are correct, it still
24  took seven months to get a CPAP machine
25  with a usable mask. It is well documented that
26  severe sleep apnea, left untreated, can result in
27  death! Lt. Lemons concludes "From all appearances
28

Supplemental Facts

1  28. you are receiving adequate medical
2  attention. While it's the Sheriff's Department's
3  goal to care for your well-being and ensure
4  proper medical and mental health care, the
5  Sheriff's Department is committed to the
6  Memorandum of Agreement with Correctional
7  Health Services and supports their autonomy
8  regarding diagnosis of illness/injury and
9  the development of medical treatment plans."
10  This is the standard "cut and paste" response
11  to medical grievances. This goes to Plaintiff's
12  claim of a "custom" of deliberate
13  indifference. They acquisce to Correctional
14  Health Services, putting their heads in the
15  sand while claiming autonomy by medical
16  staff. (See attached ex. 2)
17
18  29. On March 20, around 1730 hours I
19  submitted a second level appeal grievance. It
20  was collected by Cpl. Hylund around 1845
21  hours.
22
23  30. On March 29, around 0730 hours, Dep. Bellivon
24  brought me a grievance response from Cpl. Flakes
25  in response to my second level appeal. (pp. 29)
26  The Cpl. writes "Your specific concerns have
27  been noted." He adds the usual statement
28

Supplemental Facts          pg 9 of 11

1  30. deferring to Correctional Health Services.
2  (See attached ex. 3)
3
4  31. In Gray v. Riverside, Case number 5:13-cv-
5  00444-VA - OP (Plaintiff's copy of Remedial Plan
6  has hole punch cutting off case number), created
7  a consent decree as of November 25, 2015. Under
8  Part II. "Medical Care", Section D. (2), "A Quality
9  Improvement Committee that Includes the
10  Correctional Health Service Administrator and
11  Medical Director, a mental health representative,
12  a registered nurse, a pharmacy representative,
13  and a Sheriff's Department representative shall
14  meet quarterly for the purpose of systematically
15  monitoring, analyzing and improving processes
16  and the quality of medical care." Section D(3),
17  "Each quarter, the Quality Improvement
18  Committee shall monitor several of the following
19  processes of care, ensuring that all are
20  reviewed at least annually, and that appropriate
21  corrective action is recommended for all
22  deficiencies:", subsection (I) "Court orders
23  for health care and institutional responses."
24  Therefore, defendants knew, or should have
25  known, during review of Plaintiff's court
26  orders for health care, that Plaintiff was
27  not receiving adequate medical care to his
28

Supplemental Facts          pg 10 of 11

1  31. serious medical need, which could have
2  led to Plaintiff's death.
3
4  32. Plaintiff suffered for approximately
5  395 days without restful sleep, a basic
6  human need. Additionally, Plaintiff suffered
7  from headaches, fatigue, choking, vomitting,
8  acid reflux, dry mouth, bleeding gums, weight
9  gain, anxiety, and depression. Due to the
10 length of time, this was a unnecessary
11 and wanton infliction of pain.
12
13 33. Based on information and belief, all
14 inmates who have sleep apnea and require
15 the use of a CPAP, are instructed by
16 medical staff to attempt to obtain their
17 personal CPAP from home before they will
18 issue one. They will also have inmates
19 obtain needed regular replacement masks,
20 hoses, filters and water trays from home.
21 In an attempt to avoid the costs of CPAP
22 therapy, medical staff places the burden
23 on the inmate. The Constitution requires
24 authorities to provide them with reasonably
25 adequate medical care. To have inmates
26 provide for their own serious medical needs is
27 deliberate indifference.
28

## Supplemental Facts

34. Additionally, as shown in Plaintiff's other civil complaint, (5:24-cv-00424-ODW-JDE) where, after suffering a back injury, Plaintiff was forced to crawl on the floor approximately 100 times in 30 days, went without a shower for weeks, suffered approximately 40 falls from vertigo, and have gone 14 months without adequate pain management with over 50 jail staff defendants and 20 grievances filed, clearly show a widespread pattern of deliberate indifference to serious medical needs.

35. Because grievance forms are on carbon copy paper and inmates are only allowed pencils, the copies in my possession are very hard to read. I attempted to obtain the top legibale from jail staff, but was denied. I submitted a grievance and the response was to have an attorney request them or obtain a court order. Therefore, I did not attach any grievances.

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the following is true

## Supplemental Facts

1  34. Additionally, as shown in Plaintiff's
2  other civil complaint, (5:24-cv-00424-
3  ODW-JDE) where, after suffering a back
4  injury, Plaintiff was forced to crawl on
5  the floor approximately 100 times in 30
6  days, went without a shower for weeks,
7  suffered approximately 40 falls from vertigo,
8  and have gone 14 months without adequate
9  pain management with over 50 jail staff
10 defendants and 20 grievances filed, clearly
11 show a widespread pattern of deliberate
12 indifference to serious medical needs.
13
14 35. Because grievance forms are on carbon
15 copy paper and inmates are only allowed
16 pencils, the copies in my possession are
17 very hard to read. I attempted to obtain
18 the top legibale from jail staff, but was
19 denied. I submitted a grievance and the
20 response was to have an attorney request
21 them or obtain a court order. Therefore,
22 I did not attach any grievances.
23
24 Pursuant to 28 U.S.C. 1746, I declare under
25 penalty of perjury that the following is true
26 and correct
27        3/29/24  Scott Faulkner    Scott Faulkner 202116419
28

Exhibit List

1. Initial grievance response (pp. 22/23). Unknown who responded as Initial grievance responses by medical never list respondant Information.

2. First level appeal response (pp. 24/28) by Lt. Lemons

3. Second level appeal response (pp. 29/30) by Cpl. Flakes

 County of Riverside
4000 Orange St.
Riverside, CA 92501

2/20/2024 9:52:12 AM PST

| | | |
|---|---|---|
| **Patient:**FAULKNER, SCOTT JOSEPH | **#:**202116419 | **Lang:** |
| **DOB:**1/28/1985 (Age=39) | **Sex:**M | **Race:**W |
| **Housing:**SWC-AH07-AH07 | **Court Date:**3/12/2024 8:30:00 AM | **Type:** |
| **Status:**ACTIVE | **Booking Date:**4/25/2021 2:55:00 AM PDT | **Release:** |

**Grievance**

Date Of Grievance:      Date Received:      Date of Response:                                                                    Open
2/20/2024                    2/20/2024              2/20/2024
Grievance Types:
Other

Description:
Mr. Faulkner is requesting financial compensation for a complaint about medical care.

Response:
Mr. Faulkner is advised that use of a medical grievance (for request of financial compensation relating to a complaint) is not the appropriate channel for this type request.



# Riverside County Sheriff's Office
### *Chad Bianco, Sheriff-Coroner*

4095 Lemon Street • Riverside • California • 92501
www.riversidesheriff.org

**To:** Inmate Faulkner, Scott 202116419                    **Date:** 3/19/24

**From:** Lieutenant Lemons

**RE:** Grievance Appeal

---

I have reviewed the grievance appeal you submitted to jail staff on 2/20/24. In summary, you claim you have not received adequate medical care.  Upon reviewing your case with Correctional Health Services, I was provided the following information:

In your grievance received on 2/16/24, you alleged it took medical staff 13 months to provide you with a CPAP device. Therefore, you're requesting financial compensation. Medical provided the following response: The use of a medical grievance to request financial compensation relating to a complaint is not the appropriate channel for this type of request.

On 2/20/24, you submitted an appeal which you claim you must exhaust the grievance process before filing a complaint with the court. Medical provided the following response to your appeal: You claim you first requested a CPAP on 4/25/21, but it appears the correct date is 5/21/21. You were evaluated and cleared to have your family deliver your CPAP on 6/30/21. However, you did not report that your family threw away your CPAP until 10/1/21. Subsequently, a CPAP was approved and issued to you on 2/9/22. You later requested a new mask, which was provide on 5/26/22.

From all appearances, you are receiving adequate medical attention. While it's the Sheriff's Department's goal to care for your well-being and ensure proper medical and mental health care, the Sheriff's Department is committed to the Memorandum of Agreement with Correctional Health Services and supports their autonomy regarding diagnosis of illness/injury and the development of medical treatment plans.

You are reminded to continue following the procedure to request medical and mental health services by submitting Inmate Health Care Requests when concerns arise.  If an emergency arises, you should immediately notify the housing unit deputy. I am satisfied that your concerns have been appropriately addressed and no further action is anticipated regarding this grievance.

Sincerely,

Correctional Lieutenant Lemons



# Riverside County Sheriff's Office

### *Chad Bianco, Sheriff-Coroner*

4095 Lemon Street • Riverside • California • 92501
www.riversidesheriff.org

**To:** Inmate Faulkner, Scott 202116419                          **Date:** 3/26/24

**From:** Captain Flakes

**RE:** Grievance Appeal

---

Inmate Faulkner,

I have reviewed the grievance appeal you submitted to jail staff on 3/20/24, which you alleged medical failed to provide you with a CPAP machine in a timely manner which may have jeopardized your health.

I reviewed your first appeal, the original grievance, and supplemental paperwork provided by medical. Your specific concerns have been noted. However, the Sheriff's Department is committed to the Memorandum of Agreement with Correctional Health Services and supports their autonomy regarding diagnosis of illness/injury and the development of medical treatment plans.

I am satisfied that your concerns have been appropriately addressed and no further action is anticipated regarding this matter.


Sincerely,

Captain Flakes



CERTIFIED MAIL

9589 0710 5270 1865 8397 33

 

Faukner, Scott
202116419
30755 B Auld Rd
Murrieta CA 92563

U.S. POSTAGE
FCM LG ENV
HESPERIA CA
APR 10, 20

Retail

**$6.5**

R2304H10

90012

RDC 99

United States District Court
Central District of California
ATTN: Pro Se Clerk
255 E. Temple St., STE TS-134
Los Angeles, CA 90012





RECEIVED
CLERK, U.S. DISTRICT

APR 15 2024

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

